IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ANTHONY L. NEWMAN,**

            **Plaintiff,**

     **v.**                        CASE NO.  06-3179-SAC

**MATTHEW M. ADE,**

            **Defendants.**

### O R D E R

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate at the Lansing Correctional Facility, Lansing, Kansas (LCF). Plaintiff has also filed an Application to Proceed Without Prepayment Of Fees (Doc. 2), and a Motion for Appointment of Counsel (Doc. 3).

Exhibits submitted by plaintiff indicate the following. He was sentenced in the District Court of Saline County, Kansas, on August 12, 2005, after convictions by a jury for battery, sexual battery, burglary, criminal restraint, and criminal damage to property. He objected to his criminal history at sentencing, and the court ruled that it be amended. His overall criminal history classification was found by the court to be "Nondrug A." He had prior convictions in Clayton County, Georgia in 1993, 1994, and 1995, mostly for battery and criminal damage to property. He appears to claim his sentence was improperly enhanced due to misinformation on these prior convictions.

Plaintiff names as defendant Matthew Ade, a pre-sentence investigator, whom he claims was assigned to conduct an investigation into his criminal history. He alleges that defendant

intentionally and maliciously altered his PSI Report to slander plaintiff's character and misrepresented his criminal history before the state criminal court. He further alleges that, as a consequence, he was sentenced to an enhanced criminal history classification level and given an upward durational departure based upon incorrect information. He further alleges that the defendant had access to accurate court records in Georgia.

**IN FORMA PAUPERIS MOTION**

The filing fee for this civil action is $350. Subsection (b)(1) of 28 U.S.C. §1915 requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Documents filed in support of plaintiff's Motion for Leave to Proceed in forma pauperis indicate plaintiff has had an average monthly deposit of $12.10 and an average monthly balance of $3.59 in his inmate account over the past six months. The court therefore assesses an initial partial filing fee of $2.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

**SCREENING**

Because Mr. Newman is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all

materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO STATE A CLAIM**

Plaintiff alleges defendant committed slander or libel. Such allegations are tort claims, and are not grounds for relief under 42 U.S.C. 1983, which is to redress violation of a federal constitutional right.

**CLAIM PREMATURE UNDER HECK**

Plaintiff's allegations that his 2005 state sentences were based upon incorrect information, in effect, are a challenge to his state sentences and imprisonment. The United States Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction" or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state court authorized to make such a determination, or called into question by a court issuing a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages arising from a sentence that has not been so invalidated is not cognizable under 42 U.S.C. §1983. Id. It follows that plaintiff must show that his state sentences have been invalidated to avoid dismissal of this complaint for money damages.

**FAILURE TO EXHAUST STATE COURT REMEDIES**

Plaintiff states he has filed a motion to correct illegal

3

sentence pursuant to K.S.A. 60-1501 in the trial court, but no action has been taken.  Plaintiff must present any challenge he has to his state sentence or the legality of his confinement in the state courts before he may proceed in federal court by petition for writ of habeas corpus, 28 U.S.C. 2254.  See Preiser v. Rodriquez, 411 U.S. 475 (1973).  Since plaintiff has filed a 1501 motion and it is still pending, it is obvious that he has not exhausted state court remedies on his claim.  Generally, the exhaustion prerequisite in 28 U.S.C. 2254(b)(1)(A) is not satisfied unless all challenges to a state conviction or sentence have been presented by "invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Thus, plaintiff must seek post-conviction relief in the state trial court, if relief is denied by that court, he must appeal to the Kansas Court of Appeals, and if that court denies relief he must appeal to the Kansas Supreme Court.

**IT IS THEREFORE ORDERED** that within thirty (30) days, plaintiff must submit an initial partial filing fee of $2.00.  Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, plaintiff must show cause why this action should not be dismissed,

without prejudice, for failure to state a claim, as premature under <u>Heck</u>, and for failure to exhaust state court remedies.

**IT IS SO ORDERED**.

Dated this 13th day of July, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

5