```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ANTHONY L. NEWMAN,**
               **Plaintiff,**

      v.                      CASE NO.  06-3179-SAC

**MATTHEW M. ADE,**

               **Defendants.**

### O R D E R

The court screened this civil rights complaint brought pursuant to 42 U.S.C. 1983, and entered an Order on July 13, 2006, requiring plaintiff pay a partial filing fee. The court also ordered plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to state a claim, as barred by <u>Heck</u>, and for failure to exhaust state remedies on his claims.

Plaintiff has paid the partial filing fee and has filed a response to the court's Order to show cause (Doc. 6). Having considered plaintiff's response, the court finds as follows. Plaintiff's motion for leave to proceed in forma pauperis (2) is granted. Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the entire district court filing fee in this civil action, which is currently $350.00. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten

dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

In his response, plaintiff asks the court to review additional financial documents, states the average monthly balance in his inmate account is not $12.10, and alleges he is making payments on fines owed in the amount of $65. The court based the assessed partial fee amount upon plaintiff's average monthly deposit, not his average monthly balance. His average monthly deposit according to the certified statement of his inmate account is $12.10. The court finds no reasons to doubt the accuracy of the certified Inmate Account Statement attached to plaintiff's original motion. Thus, the court finds no reason to change its order requiring the partial filing fee. Moreover, even if plaintiff had not paid a partial fee, he would still be responsible for paying the $350 fee by making payments.

Plaintiff's response to the court's show cause order fails to demonstrate that this action should not be dismissed for the reasons stated in the court's Order dated July 13, 2006. In his response, plaintiff argues that his case should not be dismissed because defendant Ade "intentionally and maliciously altered his psi report." He also alleges that his state 60-1501 petition was denied on October 4, 2005.

The court concludes that plaintiff's claims for money damages

are not cognizable under 42 U.S.C. 1983.  As stated in the court's prior order, plaintiff may not sue for money damages on the basis that his state sentences were illegally enhanced due to incorrect information unless he can prove the sentences have been reversed, expunged or otherwise declared invalid.  Plaintiff has not shown that his sentences have been invalidated.

Moreover, it still appears that plaintiff has not fully exhausted state remedies on his challenges to his state sentences.  Thus, the court may not construe some of his allegations as habeas claims and proceed thereon.  The on-line records for the Kansas Appellate Courts indicate there is an appeal pending in the Kansas Court of Appeals in Case No. 04-CR-1260, Appellate Case No. 95330, and that counsel has been appointed and briefs submitted in those proceedings.  Thus, the appeal of the K.S.A. 60-1501 filed by plaintiff is still pending in the state courts.

Once plaintiff has fully exhausted state court remedies on all his claims challenging his sentences or convictions, he may seek review in federal court by filing a timely petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted and he is ordered to pay the filing fee in full by making payments from his institution account as set forth herein.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Doc. 3) is denied as moot.

The clerk is directed to transmit a copy of this Order to plaintiff and to the Finance Officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge